

November 5, 2021

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

> The request to file Exhibits B through G of the Amended Complaint with the below-referenced redactions is GRANTED.
>
> SO ORDERED.
>
> LEWIS J. LIMAN
> United States District Judge
> 11/8/2021

Re:  *EVRYTHNG Limited v. Avery Dennison Retail Information Services, LLC, et al.*, Case No. 21-cv-4411-LDL (S.D.N.Y.)

Dear Judge Liman,

This firm represents Plaintiff, EVRYTHNG Limited ("EVRYTHNG") in the above-referenced case.  Re-filed together with this letter-motion are sealed and redacted versions of the following documents:

1. EVRYTHNG's Amended Complaint; and
2. Exhibits B[1]–G to EVRYTHNG's Amended Complaint.

1. <u>EVRYTHNG's Amended Complaint</u>

On October 29, 2021, the Court granted EVRYTHNG's motion for leave to file its Amended Complaint.  (Dkt. No. 124.)  The Court's Order also granted in part and denied in part EVRYTHNG's letter-motion to file the Amended Complaint with redactions.  (*Id*.)  The Court's Order described a list of permissible redactions to the Amended Complaint.  On November 2, 2021, EVRYTHNG moved for reconsideration as to limited additional redactions to the Amended Complaint, and the Court granted EVRYTHNG's motion.  (Dkt. No. 129.)  The unsealed version of EVRYTHNG's Amended Complaint, filed today, reflects only those redactions that the Court specifically permitted in its prior Orders.

2. <u>EVRYTHNG's Renewed Letter-Motion to Seal and File Exhibits B–G to the Amended Complaint with Redactions</u>

Pursuant to Fed. R. Civ. P. 26(c), the Protective Order governing this case (Dkt. No. 37), this Court's Individual Practices in Civil Cases § 2.G, and the Court's Order permitting

---

[1] The parties have agreed to make public Exhibit A to EVRYTHNG's Amended Complaint (Exhibit A was previously filed under seal (Dkt. No. 122-2)).  An unsealed version of Exhibit A will also be filed as part of today's filing.



The Honorable Lewis J. Liman
November 5, 2021
Page 2

EVRYTHNG to renew this letter-motion (Dkt. No. 124), EVRYTHNG respectfully requests the Court's permission to file Exhibits B through G (contracts between the parties) with limited redactions, as filed herewith.

For context, the Court's Order on October 29, 2021 denied EVRYTHNG's letter-motion to file Exhibits A-G to its Amended Complaint under seal, without prejudice to Plaintiff: (1) renewing the letter-motion on or before November 5, 2021; and (2) limiting the request to those portions of the exhibits that contain commercially or competitively sensitive information. (Dkt. No. 124.)

As part of the redaction process, EVRYTHNG asked Defendants Avery Dennison Retail Information Services, LLC, and Avery Dennison RFID Company (together, "Avery Dennison") whether Avery Dennison had proposed redactions to Exhibits A–G. Avery Dennison responded with their requested redactions, to which EVRYTHNG generally agreed. <u>Redactions that EVRYTHNG understands are requested by both EVRYTHNG and Avery Dennison are highlighted in green in Exhibits B–G</u>. These redactions reflect commercially or competitively sensitive information, including financial and pricing information that both parties agree would cause business and/or competitive harm if disclosed.

Although, as described above, the parties agreed on certain redactions, EVRYTHNG requests additional redactions of alleged trade secrets in Exhibits F and G. The public disclosure of this trade secret information would cause commercial and/or competitive harm to EVRYTHNG.[2] The Court has previously determined that EVRYTHNG could redact descriptions of this information in the Amended Complaint. (Dkt. No. 124 (permitting redactions of paragraphs 305 and 332).) EVRYTHNG maintains that it would be improper to publicly disclose this trade secret information because it is commercially sensitive and derives value from its confidential nature. <u>The redactions requested by EVRYTHNG but not by Avery Dennison appear in yellow highlighting in Exhibits F and G</u>.

Although there is a presumption that the public has the right to access court records, that right is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute.); *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-cv-2003 (PKL), 1998 WL 113976, at *2 (S.D.N.Y. Mar. 12, 1998). Accordingly, the Court enjoys "considerable discretion" in determining whether certain court documents may be withheld from the public. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 1997) (internal quotation marks omitted). Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), a court filing may be sealed or redacted so long as the countervailing reason for protecting the information from disclosure outweighs the presumption of public access. For example, the Supreme Court has held that documents

---

[2] Avery Dennison disagrees that the requested redactions reflect trade secret information.



The Honorable Lewis J. Liman
November 5, 2021
Page 3

containing sensitive business information can be shielded from public view when their disclosure would "harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Indeed, courts in the Second Circuit have repeatedly found good cause for permitting parties to file documents under seal where public filing would disclose commercially sensitive or confidential information, particularly where such disclosure would violate the parties' confidentiality obligations. *See, e.g., Bergen Brunswig Corp.*, 1998 WL 113976, at *3 (upholding confidentiality agreement between parties where complaint was filed under seal); *In re Parmalat Sec. Lit.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (although "trade secret law is instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny," "a business's information need not be a 'true' trade secret in order to warrant protection from disclosure") (citations omitted). In the context of trade secret misappropriation cases, such as the instant lawsuit, Congress has added an additional emphasis on the private confidentiality interests of the parties, instructing that "court[s] shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835(a).

      Accordingly, Plaintiff EVRYTHNG respectfully requests the Court's approval to file Exhibits B–G to EVRYTHNG's Amended Complaint under seal and with redactions as described above and submitted herewith.

Respectfully submitted,

*/s/ Jeff A. Pade*

Jeff A. Pade
of PAUL HASTINGS LLP


cc:     All Counsel of Record (via ECF)